IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALVIN HALL | § | |
| v. | § | CIVIL ACTION NO. 6:06cv476 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Alvin Hall, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his sentence computation. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hall received a 25-year sentence in 1992. His petition does not challenge the legality of this sentence but rather the computation of his sentence time credits. He states that he was released on parole which was later revoked, and that the Texas Legislature has empowered TDCJ to alter this sentence and extend its duration, causing him to suffer a deprivation of liberty greater than the courts intended. This was done, Hall says, by the fact that when his parole was revoked, he was denied credit against his sentence for the time which he had spent on parole. Hall raised various legal arguments challenging this practice, including assertions that the denial of time credits was cruel and unusual punishment, that it is a bill of attainder, that it violates the doctrine of separation of powers, that it violates the *Ex Post Facto Clause,* that it violates double jeopardy, and that he did not have counsel appointed to advise him of the ramifications of signing the parole contract, that this contract is unreasonable and oppressive, and that once a judgment is rendered, the sentence is to be continuous.

1

After review of the pleadings, the Magistrate Judge issued a Report on November 21, 2006, recommending that the petition be denied. The Magistrate Judge noted first that Texas law has long provided that the time spent on parole or mandatory supervision is not counted toward the sentence, and that this very provision of Texas law has been upheld by the Fifth Circuit. The Magistrate Judge examined each of the challenges which Hall raises and determined that these lacked merit. The Magistrate Judge also recommended that the Court deny Hall a certificate of appealability *sua sponte*. Hall filed objections to the Magistrate Judge's Report on January 16, 2007, together with a request for a certificate of appealability.

In his objections, Hall says that the Constitution prohibits enactment of *ex post facto* laws, which he defines to mean that the states are prohibited from enacting any law which imposes a punishment for an act which was not punishable at the time it was committed, or which imposes additional punishment to that then prescribed. He says that if a new law has the effect of taking away or impairing vested rights acquired under the law existing when the offense was committed, this can be declared *ex post facto*.

Hall fails to show how the law or actions complained of are *ex post facto*. As the Magistrate Judge observed, Texas law has held since the 1970s, well before his conviction was rendered, that the time spent on parole or mandatory supervision which is subsequently revoked is not counted toward the sentence. Betts v. Beto, 424 F.2d 1299, 1300 (1970). The law in effect at the time of the commission of Hall's offense read as follows:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

Tex. Code Crim. Pro. art. 42.18, sec. 14(a) (Vernon 1991).

In this case, Hall's parole was revoked, and so he may be required to serve the portion remaining of the sentence on which he was released, calculated without credit for the time from the date of his release to the date of revocation. He has failed to show that the application to him of the law in effect at the time of his offense violates the *Ex Post Facto Clause*, nor that this provision in

2

Texas law, which has been repeatedly upheld by the Fifth Circuit, is otherwise unconstitutional. Hall's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner's motion for a certificate of appealability (docket no. 13) is DENIED and that the Petitioner Alvin Hall is hereby denied a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of February, 2007.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**